UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL DAVID KEINZ,

               Petitioner,

vs.                        Case No.   2:08-cv-878-FtM-99DNF

SECRETARY, DOC,

               Respondent.

_____/

## OPINION AND ORDER

### I. Status

Petitioner Michael David Keinz, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 on November 25, 2008.[1] Petitioner challenges his state court plea-based judgment of conviction entered in the Twentieth Judicial Circuit, Lee County, Florida. Petition at 1. Respondent filed a Response (Doc. #18, Response) with supporting exhibits (Exhs. 1-26; Record on Appeal Exhs. 2, Vol. 1-5, Supp. 1-3, and Exh. 21, Vol. 1, Supp. 1), including Petitioner's post-conviction motions and hearing transcripts. The Court warned Petitioner that failure to file a timely Reply would result in the Court reviewing his action without the benefit of his Reply. See

---

[1] The Petition was received and docketed by the Clerk of Court on November 28, 2008. Applying the mailbox rule, however, the Court finds that the Petition was filed on November 25, 2008, the date Petitioner gave the pleading to prison officials for mailing. Washington v. United States, 243 F.3d. 1299, 1301 (11th Cir. 2001).

Doc. #24.  Nevertheless, Petitioner failed to file a Reply.
See generally docket.  This matter is ripe for review.

## II.  Procedural History

On May 22, 2001, Petitioner entered a nolo contendere plea to
the following offenses charged in three cases:

> Case number 00-253CF- trafficking in more than 400 grams
> of cocaine, trafficking in 4 grams or more of heroin, and
> trafficking in over 28 grams of heroin;
>
> Case number 00-507CF- trafficking in 4 grams or more of
> heroin in; and,
>
> Case number 00-508CF- trafficking in over 28 grams of
> cocaine.

Response at 1-2; see Exh. 1 (plea transcript).  Each of these
offenses involved a controlled buy between Petitioner and a
confidential informant.  Exh. 1 at 181-184.  Pursuant to a
negotiated plea agreement, Petitioner was sentenced to concurrent
terms of 20 years in prison for each case.[2]  Response at 2.
Petitioner proceeded to file a litany of post-conviction motions.
Only the relevant motions will be discussed herein.

### A.  Direct Appeal

Petitioner did not pursue a direct appeal in either case
number 00-507CF, or case number 00-508CF.  Id.  However, Petitioner
filed a direct appeal in case number 00-253CF.  Id. at 3; Exh. 3.
Petitioner challenged the denial of his Florida Rule of Criminal

---

[2]Minimum mandatory sentences of 15 years was imposed on the
trafficking over 400 grams of cocaine count in case number 00-253,
and 3 years on each remaining count.

Procedure 3.800(b) motion, claiming that his 3-year minimum mandatory prison terms for trafficking in heroin and cocaine were illegal. Id. The State filed an answer brief. Exh. 4.

On July 11, 2003, the appellate court affirmed in part Petitioner's conviction and sentence, but reversed and remanded Petitioner's sentence for trafficking in 4 grams or more of heroin and trafficking in 28 grams or more of cocaine. Id. at 3; Exh. 5; see also Keinz v. State, 870 So. 2d 4 (Fla. 2d DCA 2003). The State appealed to the decision to the Florida Supreme Court. Exh. 9. The Florida Supreme Court accepted jurisdiction, consolidated other cases involving the same sentencing issue, and quashed the decision of the appellate court. Exh. 12; State v. Herndon, 894 So. 2d 966, 968 (Fla. 2005). Petitioner's case was remanded for reconsideration in light of State v. Herndon. Id. Upon remand, Petitioner's sentence was left intact. Response at 3-4.

### Florida Rule of Criminal Procedure 3.850

During the pendency of Petitioner's direct appeal of case number 00-253CF, on May 13, 2003, Petitioner filed a pro se motion pursuant to Florida Rule of Criminal Procedure 3.850. Response at 4; Exh. 18(a). The State moved to stay the Rule 3.850 Motion while the direct appeal was pending. Response at 4. The post-conviction court granted the State's motion to stay. Id. Petitioner filed an amended Rule 3.850 Motion raising seven grounds for relief on October 22, 2003. Response at 4; Exh. 18(b). On May 19, 2005,

the post-conviction court summarily denied grounds three and six, and scheduled an evidentiary hearing on grounds one, two, four, five, and seven. Exh. 19. After the post-conviction court held an evidentiary hearing, the court entered an order denying Petitioner relief on all claims on August 11, 2006. Response at 10; Exh. 20. Petitioner appealed the post-conviction court's denial of grounds one and four, Exh. 22, and after briefing, the appellate court per curiam affirmed on May 28, 2008. Response at 10; Exh. 24, Keinz v. State, 982 So. 2d 695 (Fla. 2d DCA 2008) [table]. Mandate issued on June 18, 2008. Id.

### State Habeas Corpus Petition

On April 2, 2005, Petitioner initiated a petition for writ of habeas corpus. Exh. 16 at 5. The appellate court construed the petition as a petition alleging ineffective assistance of appellate counsel, and denied the petition. Exh. 17; Keinz v. State, 902 So. 2d 803 (Fla. 2d DCA 2005).

### Instant Petition

Petitioner filed the instant Petition on November 25, 2008, raising the following twenty grounds for relief (restated):

> Ground 1-Prosecutorial misconduct stemming from use of alleged perjured testimony from confidential informant;
>
> Ground 2- Prosecutorial misconduct stemming from use of perjured evidence obtained from the controlled buys;
>
> Ground 3-Prosecutorial misconduct by obtaining a search warrant using fraudulent information;

-4-

**Ground 4**-Prosecutorial Misconduct when prosecutor did not furnish any affidavit for the search warrant until after all depositions of the task force members were taken;

**Ground 5**-Prosecutorial Misconduct by keeping search warrant and affidavit filed under seal to keep confidential informant's name protected when CI's name is not mentioned;

**Ground 6**-Due Process rights were violated because Petitioner's confession was taken while he was intoxicated and requested an attorney;

**Ground 7**-Excessive bail was set;

**Ground 8**-Prosecutorial misconduct and trial court error based on the denial of exculpatory evidence;

**Ground 9**- Ineffective assistance of defense counsel for failure to investigate the search warrant;

**Ground 10**-Prosecutorial Misconduct for failing to provide Petitioner with free copies of discovery;

**Ground 11**-Ineffective assistance of defense counsel based on counsel's failure to obtain F.D.L.E lab reports;

**Ground 12**-Prosecutorial misconduct stemming from illegible copies of discovery;

**Ground 13**-Trial Court error for giving defense counsel only three weeks to prepare for trial;

**Ground 14**-Trial court error for coercing Petitioner to enter his nolo contendere plea;

**Ground 15**-Defense counsel rendered ineffective assistance by coercing Petitioner to enter his nolo contendere plea;

**Ground 16**-Defense counsel rendered ineffective assistance by failing to object during plea colloquy when the prosecutor entered "false basic information";

**Ground 17**-Trial court error for issuing a sentence and not stating what the offense was;

**Ground 18**-Defense counsel rendered ineffective assistance by waiving the Pre-sentence Investigative Report;

**Ground 19**-Defense counsel rendered ineffective assistance by allowing Petitioner to enter his nolo contendere plea knowing that Petitioner required medication that he was not provided;

**Ground 20**-Newly discovered evidence that task force committed perjury and fabricated evidence.

See generally Petition.[3]  Respondent raises the following arguments in opposition to the Petition: (1) that any challenges to Petitioner's conviction and sentence stemming from case numbers 00-507CF and 00-508CF are barred by the federal limitations period; (2) to the extent Petitioner raises grounds for relief from his judgment and conviction in case number 00-253CF, his knowing, voluntary, and intelligent nolo contendere plea precludes relief; (3) to the extent any of Petitioner's claims raise a Fourth Amendment issue, Stone v. Powell, bars relief; and, (4) the remaining claims are unexhausted and procedurally defaulted. See generally Response.  For the reasons discussed herein, the

---

[3]Before filing the instant Petition, Petitioner initiated a premature § 2254 Petition in the United States District Court for the Northern District of Florida.  See Case No. 5:04-cv-420-SPM-EMT.  The Northern District transferred the Petition to this Court. On March 16, 2005, the Honorable Virginia H. Covington sua sponte dismissed the Petition, without prejudice, for lack of exhaustion because Petitioner's Rule 3.850 proceedings were still pending before the post-conviction court.  Judgment was entered on April 1, 2005.     Petitioner appealed and the Eleventh Circuit affirmed the Court's Order dismissing the Petition without prejudice.  Keinz v. Crosby, 2006 WL 408686 (11th Cir. Feb. 23, 2006).

Court finds that the Petition must be dismissed, in part, and denied in part.

### III.  Applicable Law

A.  § 2244(d)(1)

Petitioner filed his Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action.  <u>Penry v. Johnson</u>, 532 U.S. 782, 792 (2001); <u>Davis v. Jones</u>, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007). Neither party disputes the applicability of the AEDPA.

On April 24, 1996, the President signed into law AEDPA. This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the
> constitutional right asserted was
> initially recognized by the Supreme
> Court, if the right has been newly
> recognized by the Supreme Court and
> made retroactively applicable to
> cases on collateral review; or
>
> (D) the date on which the factual
> predicate of the claim or claims
> presented could have been discovered
> through the exercise of due
> diligence.
>
> (2) The time during which a properly filed
> application for State post-conviction or other
> collateral review with respect to the
> pertinent judgment or claim is pending shall
> not be counted toward any period of limitation
> under this subsection.

28 U.S.C. § 2244(d).

## B. Deference to State Court Decisions

Habeas relief may not be granted with respect to a claim

adjudicated on the merits in state court unless the adjudication of

the claim:

> (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly
> established Federal law, as determined by the Supreme
> Court of the United States; or
>
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Cullen v. Pinholster, ___ U.S. ___, 131 S.

Ct. 1388, 1398 (2011). "This is a difficult to meet, and highly

deferential standard for evaluating state-court rulings, which

demands that the state-court decisions be given the benefit of the

doubt." Id. (internal quotations and citations omitted). See also Harrington v. Richter, 131 S. Ct. at 786 (pointing out that "if [§ 2254(d)'s] standard is difficult to meet, that is because it was meant to be.").

Both the Eleventh Circuit and the Supreme Court broadly interpret what is meant by an "adjudication on the merits." Childers v. Floyd, 642 F.3d 953, 967-68 (11th Cir. 2011). Thus, a state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits that warrants deference by a federal court. Id.; See also, Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Indeed, "unless the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the petitioner's claim 'is the same claim rejected' by the court." Childers v. Floyd, 642 F.3d at 969 (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." Thaler v. Haynes, ___ U.S. ___, 130 S. Ct. 1171, 1173 (2010); see also Carey v. Musladin, 549 U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000))(recognizing "[c]learly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in

the decisions of the United States Supreme Court at the time the state court issues its decision).

"[T]o be 'contrary to' clearly established federal law, the state court must either (1) apply a rule that contradicts the governing law set forth by Supreme Court case law, or (2) reach a different result from the Supreme Court when faced with materially indistinguishable facts." Ward, 591 F.3d at 1155 (internal quotations and citation omitted); Mitchell v. Esparza, 540 U.S. 12, 16 (2003). A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown, 544 U.S. at 134; Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), cert. denied, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 120 S. Ct. at 1520).

The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18; Ward, 592 F.3d at 1155. Further, the Supreme Court has recently held that review "is limited to the record that was before the state court

that adjudicated the claim on the merits." Cullen, 131 S. Ct. at 1398. Thus, the Court is limited to reviewing only the record that was before the state court at the time it rendered its order. Id.

## C. Exhaustion

If the grounds asserted warrant review by a federal court under § 2254, petitioner must still have given the State courts the opportunity to address the federal issues. A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. § 2254(b)(1)(A). This imposes a total exhaustion requirement in which all the issues must have first been presented to the state courts. Rhines v. Weber, 544 U.S. 269, 274 (2005).

AEDPA requires a state prisoner exhaust all available state court remedies, either on direct appeal or in a state post-conviction proceeding, thereby giving the state the opportunity to correct its alleged violations of federal rights. See Baldwin v. Reese, 541 U.S. 27, 29 (2004). The exhaustion doctrine requires that the petitioner "fairly present" his federal claims to the state courts in a manner to alert them that the ruling under review violated a federal constitutional right. Duncan v. Henry, 513 U.S. 364, 365-366 (1995)(quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). Petitioner must present the same claim to the state court that he argues to the federal court. McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005); Kelley v. Sec'y Dep't of Corr., 377 F.3d 1317, 1343-1344 (11th Cir. 2004). As to ineffective

assistance of counsel claims, a petitioner must have presented each instance of alleged ineffective assistance to the state court in such a manner that a reasonable reader would understand each claim's particular legal basis and specific factual foundation. Ogle, 488 F.3d at 1368; Kelley, 377 F.3d at 1344.

A district court is ordinarily required to dismiss a "mixed" petition, i.e., one containing both unexhausted and exhausted claims. Pliler v. Ford, 542 U.S. 225 (2004); Rose v. Lundy, 455 U.S. 509 (1982). However, when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural rule, a district court can consider the petition but treat those claims as procedurally defaulted. Ogle v. Johnson, 488 F.3d 1364, 1370 (11th Cir. 2007). Additionally, while under the AEDPA a federal court may not grant a habeas petition which contains unexhausted claims, it may deny such a petition. LeCroy v. Sec'y Dep't of Corr., 421 F.3d 1237, 1261 n.26 (11th Cir. 2005).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001), cert. denied, 534 US. 1136 (2002). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, . . .." Smith, 256 F.3d at 1138.

A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances. First,

petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error. House v. Bell, 547 U.S. 518, 537 (2006); Mize v. Hall, ___ F.3d ___, No. 07-10659, 2008 WL 2600625 (11th Cir. July 2, 2008). "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003). Constitutionally ineffective assistance of counsel can constitute cause if that claim is not itself procedurally defaulted. Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000). To show "prejudice," petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. Henderson, 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause and prejudice, if such review is necessary to correct a fundamental miscarriage of justice. House, 547 U.S. at 536; Edwards, 529 U.S. at 451; Henderson, 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." Henderson, 353 F.3d at 892. See also House, 547 U.S. at 536-37 (prisoner asserting actual innocence must establish that, in light of new evidence, it is more likely than not that no

reasonable juror would have found him guilty beyond a reasonable doubt).

## IV. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Evidentiary Hearing

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 127 S. Ct. at 1940; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

### B. Case Numbers 00-507CF and 00-508CF Barred by § 2244(d)

In Grounds 12[4] and 14,[5] Petitioner specifically references his conviction and sentence arising in case numbers 00-507CF and 00-508CF. The following facts and procedural history, which are

---

[4] In Ground 12, Petitioner alleges that the prosecution team failed to provide legible copies of discovery to the defense. Petition at 21, 23. Using conclusory language, Petitioner claims that these documents were exculpatory.

[5] In Ground 14, Petitioner alleges that his plea was coerced because the Judge threatened him by stating if he "demand[ed] cases 508, 507 & 253 to be tried in sequential order and loses," he would face "150 years." Petition at 26. The Court will later address Ground 14 with respect to case number 253, which is not time-barred.

uncontested, demonstrate that the Petition was filed in excess of the time limitations period for challenging Petitioner's conviction and sentence in case numbers 00-507CF and 00-508CF. Petitioner tendered his nolo contendere plea in open court on May 22, 2001. Because Petitioner did not file a direct appeal of these convictions, his judgment became final on June 22, 2001, which is 30 days later, when his time expired to file a direct appeal. See Pugh v. Smith, 465 F.3d 1295, 1299-1300 (11th Cir. 2006)(recognizing a petitioner did not receive the benefit of the 90-day grace period to file a writ of certiorari to the U.S. Supreme Court when the petitioner did not pursue an appeal to the state court of last resort); 28 U.S.C. § 2244(d)(stating the limitation period shall run from "the date on which the judgment became final by the conclusion of direct review, or the expiration of the time for seeking such review."). In Florida, a notice of appeal must be filed within 30 days after the entry of the decision or judgment at issue. Fla. R. App. P. 9.140(b)(2); McGee v. State, 684 So. 2d 241 (Fla. 2d DCA 1996). Thus, Petitioner had until June 22, 2002, to file a § 2254 Petition in these two cases, unless Petitioner availed himself of one of the statutory provisions which extends or tolls the time period. 28 U.S.C. § 2244(d)(2). See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008)(citations omitted)(recognizing that limitations period should be calculated using the anniversary date of the triggering event).

Under § 2244(d)(2), the one-year period is tolled during the pendency of any "properly filed" state post-conviction proceeding. Petitioner filed his first post-conviction motion, a Rule 3.850 Motion, on **May 13, 2003**. Thus, Petitioner's Rule 3.850 Motion was filed 325 days <u>after</u> the federal limitations period had already expired. This proceeding did not toll the statute of limitations because the one-year period had already expired. <u>Sibley v. Culliver</u>, 377 F.3d 1196, 1204 (11th Cir. 2004)(stating "[a] state court filing after the federal habeas deadline does not revive it"); <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000), <u>cert. denied</u>, 531 U.S. 991 (2000)(stating "[a] state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"). Thus, to the extent Petitioner raises any claims in Grounds 12 and 14 challenging his conviction and sentence arising in case numbers 00-507CF and 00-508CF, the Petition is untimely and subject to dismissal under § 2254(d). Petitioner does not allege that he is entitled to equitable tolling. Therefore, Petitioner is precluded by §2244(d) from challenging his conviction and sentence arising in case numbers 00-507CF and 00-508CF.

**C. Petitioner's Entry of a <u>Nolo</u> <u>Contendere</u> Plea Bars Certain Grounds in Case Numbers 00-507CF and 00-508CF**

In **Ground 1**, Petitioner alleges that the prosecutor used "known perjured testimony" of a "psychotic drug addicted dealer" to build a "non-factually existent" case against him. Petition at 7.

Specifically, Petitioner claims that the confidential informant was a self-admitted liar and a well known drug dealer who continued his dealings. Inter alia, Petitioner alleges that the task force committed perjury when they stated that the confidential informant was not under investigation during Petitioner's case. Id. at 8.

In **Ground 2**, Petitioner alleges that the prosecution team constructed "fraudulent alleged controlled buys" in order to "remedy [the] error" of the task force basing its investigation on an "unreliable source." Petition at 7. Petitioner claims that a task force member committed perjury during the investigation when he stated he saw Petitioner retrieve drugs from the trunk of his car and later changed his testimony and said Petitioner "never" left his door. Id. at 9.

In **Ground 3**, Petitioner claims the task force provided "fraudulent information" to secure the search warrant. Petition at 10. Petitioner claims that there were three search warrants, none of which "matched." Id. at 11. Petitioner submits that the search warrants were "doctored" because the date on the search warrant was wrong. Id.

In **Ground 4**, Petitioner again alleges fraud by the task force and references a "doctored affidavit" for a search warrant. Petitioner claims that an affidavit for the search warrant was not furnished until October 5, 2000. Id. at 32.

In **Ground 5**, Petitioner alleges that the search warrant and affidavit remained under seal fraudulently on the basis to protect the confidential information's identity.    Petition at 13. Petitioner claims, however, that the confidential informant's identity was not revealed on the affidavit of warrant.  Id. at 13-14.

In **Ground 6**, Petitioner takes issue with his confession. Petition at 15.    Inter alia, Petitioner claims that the officer knew he was intoxicated on heroin and had taken Imatrex for his migraine.  Petitioner claims he asked for an attorney 3 separate times and was not read his Miranda[6] rights.  Petitioner alleges he was not coerced to confess, but was "threatened" that his girlfriend would go to jail if he did not answer the officer's questions.  Id.

In **Ground 7**, Petitioner takes issue with his bail hearing and contends that excessive bail was set after the task force member told the judge that Petitioner earned over $650,000 in drug trafficking and never held employment. Petition at 16. Petitioner states that he was not flight risk, or a danger to the community, that he had ties to the community and never missed any court proceeding in the past.  Id. at 17.  As such, Petitioner argues that his bail hearing denied his Due Process rights.  Id.

---

[6]Miranda v. Arizona, 384 U.S. 436 (1966).

In **Ground 8**, Petitioner claims he was denied access to exculpatory material throughout the entire case and even after the plea hearing.   Petition at 18.   Petitioner claims that some unidentified documents were removed from the "court files." Id. at 16.   Petitioner again claims that the prosecution "back dated" documents.   Id. at 18.

In **Ground 10**, Petitioner claims that his defense counsel's request for discovery was "hindered." Petition at 19.   Petitioner alleges that he was not deemed indigent because the prosecutor told the court that he had access to a half million dollars.   Id. at 20.

In **Ground 11**, Petitioner alleges defense counsel rendered ineffective assistance of counsel for failing to listen to Petitioner's directive to obtain copies of the FDLE lab reports. Petition at 21.   Petitioner states that the task force claimed he had pure cocaine in the "fed express box," but Petitioner knew there was no cocaine in the box.   Id. at 22.   Petitioner claims that the FDLE reports would have proven that he did not have cocaine.   Id.   Petitioner claims the reports did not exist and the task force committed perjury to obtain the search warrant when they stated the lab report confirmed that it was cocaine.   Id.

In **Ground 13**, Petitioner alleges judicial error when the judge only allowed three weeks for his new defense counsel to investigate and build a defense.   Petition at 24-25.

In Response to these grounds for relief, Respondent asserts that relief is precluded based on Petitioner's entry of an unconditional and voluntary <u>nolo</u> <u>contendere</u> plea. <u>See generally</u> Response.   Respondent points out that none of Petitioner's accusations in the Petition demonstrate that he was unaware of the factual predicate for these grounds when he entered his pleas. <u>Id.</u> Respondent further argues that to the extent Petitioner attempts to allege any Fourth Amendment claims, <u>Stone v. Powell</u> precludes relief. <u>Id.</u>

A federal habeas court reviews a state court guilty plea only for compliance with federal constitutional protections.   "A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: 'If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.'" <u>Stano v. Dugger</u>, 921 F.2d 1125, 1141 (11th Cir. 1991)(other citations omitted).   For a guilty plea to be entered knowingly and intelligently, "'the defendant must have not only the mental competence to understand and appreciate the nature and <u>consequences</u> of his plea but he also must be reasonably informed of the nature of the charges against him, the factual basis underlying those charges, and the <u>legal</u> <u>options</u> <u>and</u> <u>alternative</u> <u>that</u> <u>are</u> <u>available</u>.'" <u>Finch v. Vaughn</u>, 67 F.3d 909, 914 (11th Cir. 1995)(citations omitted) (emphasis in original); <u>Wallace v. Turner</u>,

695 F.2d 545 (11th Cir. 1982)(noting that <u>nolo</u> <u>contendere</u> plea is treated the same as a guilty plea); <u>Carter v. Gladish</u>, Case No. 8:03-cv-1194T17TBM, 2005 WL 1712263 *9 (M.D. Fla. 2005)(same).

Ineffective assistance of counsel may require that a plea be set aside on the ground that it was involuntary because voluntariness implicates not only threats and inducements but also ignorance and incomprehension. <u>See</u> <u>Hill v. Lockhart</u>, 474 U.S. 52, 56 (1985)(quoting <u>North Carolina v. Alford</u>, 400 U.S. 25, 31 (1970)) (noting that the "longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'").  However, a knowing and voluntary plea waives all constitutional challenges to a conviction, including a claim of ineffectiveness of counsel. <u>Wilson v. United States</u>, 962 F.2d 996, 997 (11th Cir. 1992); <u>see</u> <u>also</u> <u>Hutchins v. Sec. Dept. of Corrections</u>, 273 F. App'x 777 (11th Cir. 2008)(affirming district court's dismissal of a petition challenging effectiveness of counsel when the plea was knowingly and voluntary entered).  Thus, the Court will first look to the plea colloquy and then turn to address any of Petitioner's exhausted claims challenging the knowing and voluntarily nature of his plea.

Upon review of the trial transcript, both the prosecutor and the trial court judge asked questions and ensured that Petitioner

understood the consequences of his plea.  See generally Exh. 1.[7]
Petitioner specifically stated that no one made him any promises if
he entered the plea, nor did anyone force, threaten or coerce him
into entering the plea.  Id. at 181, 187.  Petitioner stated that
he understood what he was doing and that he was not under the
influence of any mind altering substances.  Id. at 179-180, 192-
193.  The State read the factual predicate into the record for each
of Petitioner's three cases, including case numbers 00-253Cf, 00-
507CF, and 00-508CF.  Id. at 181-184.  During the plea colloquy,
Petitioner answered in the affirmative that he understood he was
waiving a number of rights including the right to a jury trial; the
right to see and hear all witnesses, to subpoena witnesses, and
submit evidence on his behalf; the right to make the State prove
its case; and, the right to appeal.  Id. at 179, 184.  Petitioner
acknowledged that he was entering the plea because he thought it
was in his best interests.  Id. at 181, 187.  Petitioner was shown
the plea form and acknowledged that he read and understood it; he
discussed everything with his defense counsel and she explained
everything he wanted her to explain; he signed each of the plea
forms, and acknowledged it was his signature on the form.  Id. at
180.  The trial court accepted the plea as knowing and voluntarily
entered.  Id. at 194.

_____

[7]A duplicative copy of the plea colloquy is located in the
record at Supp. I.

-22-

The only claim that is exhausted in which Petitioner challenges the knowing and voluntary nature of his plea is in Ground 14. In **Ground 14**, Petitioner claims that prior to the plea hearing, the trial judge coerced him to enter the plea because he told Petitioner if he demanded to be tried in sequential order in each of the three cases and loses, he would face a "150 year" sentence. Petition at 26. In Response, Respondent concedes that Petitioner exhausted this claim, noting that Petitioner raised this claim in his Rule 3.850 Motion and appeal thereof. Respondent argues, however, that the plea colloquy operated to cure any purported coerciveness in any earlier remarks about the sentence made by the judge. Response at 45-46. Respondent further points out that Petitioner acknowledged during the plea colloquy that his plea was voluntary and that he was not coerced. Respondent also argues that Petitioner has not demonstrated that the State courts' decisions resulted in an unreasonable application of Supreme Court precedent, or an unreasonable determination of facts in light of the evidence. Id. at 48-49.

Petitioner raised this claim that the trial judge coerced him to enter the nolo contendere plea in his amended Rule 3.850 Motion. Petitioner also argued that defense counsel "coerced" him to the enter the plea by telling him the potential length of his sentence if convicted by a jury and reminding him to "think about his twin

girls."[6]   After holding an evidentiary hearing on the claim, the post-conviction court denied Petitioner relief.  See generally Exh. 20.  The post-conviction court found as follows:

> At the evidentiary hearing, testimony showed that Defendant was originally represented by the Public Defender's Office. Private attorney, Patricia Black, testified that she took the case over from Attorney Jackson, when Defendant came into some money and decided to hire her one day prior to trial.  Black continued the case until the next trial cycle.  Black testified that the night before trial she visited Defendant to discuss the trial and, instead, ended up negotiating with the State for a plea of 17 years.  Black was the first witness to testify at the evidentiary hearing.  Jackson and Defendant also testified.
>
> Defendant's first allegation, that his plea was involuntary due to threats and coercion by the trial court and defense counsel concerning the length of his sentence if he did not plea, was refuted by Black.  Black testified that the initial plea was 23-25 years.  But she was able to negotiate a plea of 17 years.  Black further testified that prior to pleading, Defendant spoke with an inmate, "jail house lawyer," which [sic] told Defendant to plea straight up to the Court.  Black advised against it.  But Defendant failed to take her advice.  The end result was 20 years.  Black did admit telling Defendant he could serve up to 120 years, if he was convicted of the charges, as did the trial court.  However, she did not recall any conversation concerning Defendant's daughter.  Black further testified that Defendant was coherent at the time of the plea and that neither she nor the Court coerced Defendant to plead.  Jackson testified that he was not present during plea negotiations.

Exh. 20 at 334-35.  Petitioner appealed the denial of this claim, Exh. 22, and the appellate court per curiam affirmed the post-

---

[6]In Ground 19, Petitioner alleges that defense counsel also coerced him into entering the plea by telling him of the length of his sentence and allegedly telling him to think about his twin girls.

conviction court's order.  Exh. 24;  <u>Keinz v. State</u>, 982 So. 2d 695
(Fla. 2d DCA 2008).

The Court finds that the State court's decision was not an
unreasonable application of federal precedent set forth by the
United States Supreme Court.  Nor was the State court's decision an
unreasonable determination of the facts in light of the evidence.
<u>See generally</u> Vol. II.  During the evidentiary hearing held before
the post-conviction court, Petitioner's defense counsel testified
that she was ready for trial and that she met with Petitioner on
the eve before trial.  At that point, the State was offering
Petitioner a 17-20 year sentence if he agreed to enter a plea and
forego trial.  <u>Id.</u> at 223.  Petitioner told counsel that he was
considering entering a plea "straight up" with the court based on
a jail house lawyer's advice, and counsel advised him <u>not</u> to enter
a plea "straight up" with the court.  <u>Id.</u> at 222-23.  Petitioner
did not take counsel's advice and tendered a <u>nolo contendere</u> plea
straight up with the court.  Defense counsel testified that she
remembered advising Petitioner about the possible sentence he would
face if convicted by a jury and remembered that the judge advised
Petitioner of the same.  Defense counsel did not recall telling
Petitioner to think about his twin daughters.

The statements to Petitioner about his possible sentence if
convicted at trial made by the judge and defense counsel can not be
found to be unreasonably coercive.  The United States Supreme Court
was unpersuaded when faced with a similar argument that a

defendant's fear of potential penalty coerced the defendant to enter a guilty plea. See Frank v. Blackburn, 646 F.2d 873, 877 (5th Cir. 1980)(quoting Brady v. United States, 397 U.S. 742 (1970)(declining to find guilty plea invalid when a defendant is motivated by the desire to accept the certainty or probability of a lesser penalty rather than face a wide range of possibilities extending from acquittal to conviction and higher penalty); see also North Carolina v. Alford, 400 U.S. 25 (1970). Here, Petitioner was merely informed of his potential sentence if a jury found him guilty. And, Petitioner was in fact facing a possible combined sentence of 150 years imprisonment- 30 years for each of the 5 first degree felonies.[9] See Fla. Stat. § 921.0024(2)(1999). Thus, when Petitioner was faced with the reality of the sentence he faced if the jury convicted him, he was persuaded to enter the nolo contendere plea and accept the accompanying 20-year sentence. Moreover, a plea colloquy carries a strong presumption of truth. United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987). A review of the plea colloquy, as set forth above, evidences that Petitioner entered the plea voluntarily, understood the charges against him, and understood the consequences of his nolo contendere plea. Based on the foregoing Petitioner is denied

---

[9]"The permissible range for sentencing shall be the lowest permissible sentence up to and including, as defined in s. 775.082, for the primary offense and any additional offenses before the court for sentencing. The sentencing court may impose the sentences concurrently or consecutively."

relief on Ground 14, and denied relief on the portion of Ground 19 that alleges defense counsel also coerced him to enter the plea because the record disputes Petitioner's contentions.

Likewise, Petitioner is denied relief on Grounds 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, and 13, as set forth above, because his knowing and voluntary plea precludes relief on these grounds. In particular, the facts upon which Petitioner relies for each of these grounds all occurred prior to Petitioner's entry of the nolo contendere plea. Therefore, Petitioner's knowing and voluntary plea bars relief on these claims.

Additionally, Grounds 4, 5, and 6 are barred by the Stone doctrine. The law is well settled that a federal court cannot entertain a violation of a habeas petitioner's Fourth Amendment rights if the petitioner had an opportunity for full and fair consideration of his claim in the state courts. Stone, 428 U.S. at 494; Bradley v. Nagle, 212 F.3d 559, 564 (11th Cir. 2000); Mincey v. Head, 206 F.3d 1106, 1125 (11th Cir. 2000). "[F]ull and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by higher state court." Mincey, 206 F.3d at 1126. Here, Petitioner's prior exhaustion of Grounds 4, 5, and 6 in the Florida state courts triggers the bar of Stone v. Powell, precluding federal review of his Fourth Amendment claim, because the State provided Petitioner with processes for full and adequate consideration of this ground.

-27-

A review of the procedural history of this matter evidences that Petitioner was provided a "full and fair consideration" of his claims. Defense counsel moved to suppress evidence obtained from the search of Petitioner's home and moved to suppress Petitioner's statement to police. Vol. II at 40 (suppress statements); Vol. III at 80 (suppress search). On December 8, 2000, the trial court granted Petitioner a hearing on his motion to suppress his statements, Exh. 21, Vol. I at 13-14, and the trial court denied Petitioner's motion to suppress. Id. at 14-15; Vol. II at 71, 74. On April 17, 2001, the trial court heard argument on Petitioner's motion to suppress evidence obtained from the search of Petitioner's home. The trial court denied Petitioner's motion to suppress. Vol. IV at 102. Petitioner failed to appeal either ruling on direct appeal. Petitioner does not demonstrate that the suppression hearings conducted by the trial court did not afford him a full and fair opportunity to develop the factual issues of his case. Any allegation of state court error in denying a motion to suppress does not suffice to avoid the Stone bar. See Swicegood v. Alabama, 577 F.2d 1332, 1324 (5th Cir. 1978)(holding that the Stone bar applies despite an error by the state court in deciding the merits of a Fourth Amendment claim.).[10] Accordingly, pursuant

_____

[10]Unless later superceded by Eleventh Circuit precedent, a Fifth Circuit decision issued prior to the close of business on September 30, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981)(en banc).

-28-

to Stone, Grounds 4, 5, and 6 of the Petition are dismissed. The
Court will now turn to Petitioner's remaining claims.

## D. Unexhausted & Procedurally Barred Claims

In Ground 9, Petitioner alleges that he consistently asked
defense counsel for a copy of the search warrant, but counsel
indicated to him that the search warrant was irrelevant. Petition
at 19-20. Petitioner faults counsel for failing to "investigate"
the matter. Id. at 19. Petitioner claims that had counsel
investigated the "search warrant and affidavit," the improprieties
of the criminal nature that had occurred in this case would have
been revealed and he would not have plead. Id. at 20. In
Response, Respondent asserts that Ground 9 is procedurally barred
because Petitioner did not raise this specific claim in his Rule
3.850 Motion and then brief such argument on appeal. Response at
39.

The Court agrees with Respondent and finds Ground 9 is
procedurally-barred. In Florida, a claim of ineffective assistance
of counsel is properly raised in a Rule 3.850 Motion. Petitioner
did not raise this claim in any of his post-conviction motions.
Petitioner would now be prohibited under Florida law from filing a
Rule 3.850 Motion by the successive petition doctrine, or by the
two year statute of limitations on filing Rule 3.850 motions.
Whiddon v. Dugger, 894 F.2d 1266 (11th Cir.)(recognizing and
applying two-year bar in a Rule 3.850 proceeding), cert. denied,

-29-

498 U.S. 834 (1990); Fla. R. Crim. P. 3.850(f); <u>Zeigler v. State</u>, 632. So. 2d 48, 51 (Fla. 1993). Petitioner has not overcome the procedural default by showing cause, prejudice, or a fundamental miscarriage of justice. Accordingly, Petitioner is denied relief on Ground 9 because it is procedurally defaulted.

In Ground 15, Petitioner claims defense counsel rendered ineffective assistance of counsel by coercing him to enter the <u>nolo contendere</u> plea. Petition at 27. Petitioner submits that defense counsel told him they would "lose at trial," although the drugs could not, purportedly, be proven. <u>Id.</u> at 27-28. Petitioner claims that if defense counsel had deposed the confidential informant, counsel would have learned that the kilo of cocaine was not pure and this fact would have "destroyed" the State's case. <u>Id.</u> at 28. Respondent submits that this claim is procedurally defaulted because Petitioner failed to raise this specific claim in a timely Rule 3.850 Motion and then on post-conviction appeal. Response at 51.

The Court finds Ground 15 was not exhausted before the Florida courts because the claim was not raised. As such, Ground 15 is now procedurally defaulted. In Petitioner's amended Rule 3.850 Motion, Petitioner argued that defense counsel coerced him into entering his plea by reminding him of the length of his sentence if the jury convicted him and allegedly telling him to "think about his twin daughters." Exh. 21, Vol. I at 66. Petitioner did not argue,

however, that defense counsel told him that they would lose at trial, or that the prosecution could not prove that he had cocaine in his possession in this context.   To the contrary, during the evidentiary hearing before the post-conviction court defense counsel testified that there was no question about the cocaine because during the controlled buy the confidential informant left with a videotape that recorded the Petitioner and the confidential information tasting the drug and discussing the quality of the cocaine.   Vol. II at 238.   Thus, the record contains testimony directly refuting Petitioner's contentions about defense counsel's statements to him.   Nevertheless, Petitioner did not raise this claim in his post-conviction motion and based on Florida procedural rules, the claim is now procedurally defaulted by the statute of limitations, or by the successive petition doctrine.   Whiddon, 894 F.2d 1266; Fla. R. Crim. P. 3.850(f); Zeigler, 632. So. 2d at 51. Petitioner has not show cause, prejudice, or a fundamental miscarriage of justice to overcome the procedural default. Accordingly, Petitioner is denied relief on Ground 15.

In Ground 16, Petitioner alleges that the State provided false information during the plea hearing, and he faults counsel for not objecting to the errors he thinks were confusing.   Petition at 27, 29.   Specifically, Petitioner argues that the prosecutor's statement that he sold "8 ounces" of heroin to the confidential information was wrong.   Id. at 29.   Petitioner also claims that he

did not know what was happening during the plea colloquy because he was incapacitated due to his migraine headache.[11]  Id. at 29.  In Response, Respondent submits that this ground is procedurally defaulted in its entirety.  Response at 52.  Respondent points out that Petitioner did not preserve any claims concerning an inaccurate factual basis during the plea colloquy, nor did he raise the claim on direct appeal.  Response at 52.  To the extent Petitioner raises an ineffective assistance of counsel claim for not objecting to the errors, Respondent argues the claim is procedurally defaulted because Petitioner did not raise such a claim in a Rule 3.850 Motion.  Id.

The Court agrees with Respondent and finds Ground 16 is procedurally defaulted.  During the plea colloquy, defense counsel stipulated to the factual basis for Petitioner's nolo contendere plea.  In pertinent part, the prosecutor set forth the factual predicate in the record as follows:

> MR. PUGH:  In case Number 253, Your Honor, on December 14, 1999 in Lee County, a controlled buy was made from the defendant, whereby, at that time a confidential informant named Rita Lou (phonetic) was to purchase approximately one kilogram of cocaine, eight ounces of heroin, both of these quantities of drugs were tested by our Florida Department of Law Enforcement and weighed, and found to be consistent with the allegations of cocaine and heroin.
>
> In addition to that, on the date after the transaction was completed, Mr. Keinz was summoned back to

---

[11]Petitioner raises solely an incapacitation claim in Ground 17.  Therefore, the Court will address the issue of Petitioner's migraine in Ground 17.

-32-

the residence of Rita Lou to pick up the money, at that time, he was intercepted and there was a search warrant that was issued by a court- a judge here in Lee County which was executed at the home of Mr. Keinz, at that time, approximately 86 additional grams of cocaine were found in Mr. Keinz' home, that quantity of cocaine too was tested and weighed by the Florida Department of Law Enforcement and found to be cocaine, and in the amount about 28 grams.

On December 5th of 1999- and this is Case Number 508, Your Honor- there was a controlled buy which took place at the home of Mr. Keinz; on that occasion, Rita Lou, under the direction of Lee County Sheriff's Office, Cape Coral Police Department and Fort Myers Police Department, was transported to the home of Mr. Keinz, she entered into the home, there was a wire which was a taping of the conversation which took place, there was phone calls before and after, which are also recorded; so she went into the home, there were some drugs that were retrieved, then Ms. Lou left the home. Mr. Keinz entered into the car. A Lee County Sheriff's deputy turned over the drugs, which they found to be over 28 grams of cocaine, which were both weighed and tested by the Florida Department of Law Enforcement of December 13th, 1999, which is Case Number 507.

There was another purchase of-- or quantity of narcotics for Mr. Keinz; on this occasion it was heroin, it was approximately, I believe seven grams, and once again, it was a controlled buy utilizing Rita Lou as the confidential informant.

In all of these cases, Ms. Lou was searched before and after the transaction took place with Mr. Keinz. The heroin was seized. Ms. Lou turned it over to an agent of the Task Force who turned it over to the FDLE where it was tested and weighed and found to be in excess of four grams of heroin.

All these took place in Lee County, Florida.

THE COURT:  All right.  Mr. Keinz, I'm not asking you to admit the truths of those facts as cited by the prosecution, but what I am endeavoring to find out through and your attorney is whether you will stipulate that those- based upon all of the discovery in this case, that those are the facts which the State would be able to present to a jury in these three cases.

-33-

> MS. BLACK: For purposes of the plea, we'll [sic]
> stipulate, Judge.

Exh. Supp. I at 403-406.  A defendant's properly counseled plea of

nolo contendere admits all the elements of a formal criminal

charge and waives a multitude of federal constitutional rights,

including the right to require the prosecutor to prove all of the

elements of the crime  beyond a reasonable doubt.   Tollett, 411

U.S. at 267.  In Florida, a defendant who pleads nolo contendere,

or guilty, without preserving the right to contest court rulings

that preceded the plea in the criminal process may appeal only

issues that happened contemporaneously with the entry of the plea.

Robinson v. State, 373 So. 2d 898 (Fla. 1979).   An issue is

preserved for appeal on a nolo contendere plea only if it is

dispositive of a case.  Brown v. State, 376 So. 2d 382, 384 (Fla.

1979).   In this case, Petitioner did not preserve any grounds for

appeal.  Nor did Petitioner raise this claim on direct appeal, or

in his Rule 3.850 Motion.  Because Petitioner failed to raise the

claim before the Florida courts, Ground 16 is procedurally

defaulted.   Petitioner cannot show cause, prejudice, or a

fundamental miscarriage of justice to overcome the procedural

default.  Accordingly, Petitioner is denied relief on Ground 16

because it is procedurally defaulted.

In **Ground 19**, Petitioner alleges defense counsel rendered

deficient performance by leading him to enter a coerced plea

because counsel knew "all disorders and medication that Petitioner

needed to function." Petition at 32. Specifically, Petitioner claims defense counsel knew that he had a "debilitating migraine," but nevertheless allowed him to enter the plea.[12] In Response, Respondent submits that the ground is unexhausted and procedurally barred. Response at 53. Respondent states that Petitioner defaulted this ground by not preserving his theory of an involuntary plea in a motion to withdraw the plea, and on direct appeal; or, in the alternative, by filing a timely Rule 3.850 Motion. Id.

Petitioner raised this claim as ground two of his amended Rule 3.850 Motion. Exh. 21, Vol. I at 8. The post-conviction court developed the issue at the evidentiary hearing, and after the hearing denied Petitioner relief on this claim. Exh. 19 at 335. Significantly, the post-conviction court found:

> Defendant's second allegation, that his plea was involuntary because he did not understand the nature of his plea due to the denial of psychotropic medication while in detention and defense counsel was ineffective for failing to raise the issue with the trial court, was unsupported by the evidence at the evidentiary hearing. Black testified that there was no discussion concerning psychotropic drugs prior to the time Defendant pled. The only mention of drugs took place during the plea colloquy when Defendant said he had an episode in 1975, which

---

[12]Petitioner further alleges that defense counsel coerced him into entering the plea because at trial he would get "no less than 90 years," and he should think about his twin girls. Petition at 33. Likewise, to the extent Petitioner claims defense counsel coerced him into entering the plea, the claim is procedurally defaulted because Petitioner failed to raise the claim in a Rule 3.850 Motion. Id. at 54. The Court addressed Petitioner's claim supra when reviewing Petitioner's claim that the judge's comments were coercive.

> required medication. Furthermore, Defendant never
> complained to Black about not receiving medication while
> he was in jail or that he had a problem involving
> medication. Jackson testified that he had no
> recollection concerning the subject of psychotropic
> medications.

Id. On appeal, Petitioner did not raise this issue for review.

Exh. 22. Because this claim was denied after an evidentiary

hearing, Florida Rule of Criminal Procedure 9.141(b)(3)(c) required

that Petitioner raise this claim on appeal in order to exhaust his

State administrative remedies. See Fla. R. Crim. P.

9.141(b)(3)(c); Cunningham v. State, _____ So.3d_____, 2012 WL

413812 (Fla. 2d DCA 2012). Here, Petitioner did not raise and

brief this ground on appeal. Therefore, Petitioner's failure to

properly exhaust Ground 19 results in a procedural bar. Petitioner

has not overcome this procedural bar by showing cause, prejudice,

or a fundamental miscarriage of justice. Petitioner is denied

relief on Ground 19.

In **Ground 17,** Petitioner faults the trial judge for not

stating what offense Petitioner was being sentenced on after the

conclusion of the plea colloquy. Petition at 30. In other words,

Petitioner faults the sentencing judge for not articulating the

offenses for which he was sentenced. In Response, Respondent

asserts that this ground is unexhausted and procedurally defaulted

because Petitioner did not preserve the issue and then raise the

constitutional dimension of the ground on direct appeal. Response

at 52.   Respondent also points out that Petitioner did not raise this claim in a motion to withdraw his pleas.   Id. at 53.

The Court agrees with Respondent and finds that Petitioner did not raise this claim on direct appeal, in a motion to withdraw his plea, or in any of his post-conviction motions.   Because Petitioner failed to exhaust this claim before the Florida courts, the claim is procedurally defaulted.   Petitioner does not show cause, prejudice, or a fundamental miscarriage of justice to overcome the procedural default.[13]

In **Ground 18**, Petitioner claims defense counsel rendered ineffective assistance for waiving the Presentence Investigation Report.   Petition at 30.   Petitioner alleges defense counsel lied to him and told him it had no value.   Id.   In Response, Respondent asserts that this ground is unexhausted and procedurally defaulted because Petitioner did not raise the claim in a timely Rule 3.850 Motion and then on appeal.   Response at 53.

---

[13]The Court notes, however, that the transcript of the plea colloquy directly refutes Petitioner's allegations.   See Supp. I at 416.   In pertinent part, the transcript reads as follows:

THE COURT:   Then I accept your plea as being freely and voluntarily and adjudge you to be guilty of trafficking cocaine in two counts and one count of trafficking heroin; Case 00-253, one count of trafficking in heroin over the four grams; Case 507, and one count of trafficking in cocaine over 28 grams, Case 508.   So each count in each case as being all those, all first degree felonies, you are sentenced to 20 years imprisonment at the Department of Corrections.   Id. at 416-17.

-37-

The Court agrees with Respondent and finds Ground 18 is procedurally defaulted. Petitioner did not raise this claim in his rule 3.850 proceedings. Petitioner has not shown cause, prejudice, or a fundamental miscarriage of justice to overcome the procedural bar. Therefore, Petitioner is denied relief on Ground 18 because it is procedurally defaulted.

In **Ground 20**, Petitioner claims he has "newly discovered" evidence that the task force and prosecution entered "perjured testimony" and "fabricated evidence" in his case. Petition at 32. In support of his allegations, Petitioner uses conclusory language and re-alleges that perjury was done to "secure search warrant, obtain probable cause and arrest, set unexcessible [sic] bail and withhold extrinsic evidence and exculpatory material evidence, 'all' in order to sustain a conviction of an innocent man." Petition at 34. In Response, Respondent points out that although Petitioner couches his claim in terms of newly discovered evidence, he does not allege any facts showing that he could not have ascertained the factual predicate for this claim and preserved such for direct review. Response at 55. Respondent further points out that even if Petitioner could have raised this claim in his Rule 3.850 proceedings, he failed to do so. <u>Id.</u> Accordingly, Respondent argues that the claim is unexhausted and procedurally defaulted under Florida procedural rules. Response at 55.

The Court finds that Ground 20 merely re-alleges portions of certain claims already addresses above and does so in a shotgun fashion.  To the extent the Court has already addressed and denied Petitioner's claims of excessive bail and alleged withholding of exculpatory evidence, which he raised in other grounds in the instant Petition, Ground 20 is denied.  The Court also agrees with Respondent that Ground 20 is unexhausted and is now procedurally defaulted under Florida law.  Petitioner has not established cause, prejudice, or a fundamental miscarriage of justice to overcome the procedural default.

ACCORDINGLY, it is hereby

ORDERED:

1.  The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED** with prejudice for the reasons set forth herein.

2.  The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

### CERTIFICATE OF APPEALABILITY AND

### LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Harbison v. Bell, ___ U.S. ___, 129 Ct. 1481, 1485 (2009).  "A [COA] may issue

. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED in Orlando, Florida, on this ____ day of March, 2012.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record

-40-